USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  5/15/2026_____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Manuel Soto,

                        Plaintiff,

            -against-                                              25 Civ. 7896 (AT)

Doe,                                                         **ORDER TO ADD PARTY**
                        Defendant.

ANALISA TORRES, United States District Judge:

Plaintiff *pro se*, Manuel Soto, is currently detained at West Facility on Rikers Island and brings this action under 42 U.S.C. § 1983, alleging that the conditions of confinement violate Plaintiff's federal constitutional rights. *See generally* Compl., ECF No. 1. By order dated April 23, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees.[1] ECF No. 6. On May 12, 2026, the case was assigned to the undersigned as related to *In re: Jose Davila*, No. 25 Civ. 4515. *See* 5/12/2026 ECF Entries.

Because Plaintiff's complaint does not include a caption, the Clerk of Court captioned this case without a formally-designated adverse party. Federal Rule of Civil Procedure 21 provides that, "[o]n motion or on its own, the [C]ourt may at any time, on just terms, add or drop a party." The Rule "afford[s] courts discretion to shape litigation in the interests of efficiency and justice," *Anwar v. Fairfield Greenwich Ltd.*, 118 F. Supp. 3d 591, 618–19 (S.D.N.Y. 2015), including by adding a party as a defendant in an action where that party, although not named in the complaint's caption, is mentioned "throughout the body" of the complaint as involved in the alleged events, *see George v. Westchester Cnty. Dep't of Corr.*, No. 20 Civ. 1723, 2020 WL 1922691, at *2 (S.D.N.Y. Apr. 21, 2020).

Here, Plaintiff alleges that the conditions of confinement in West Facility, including conditions related to sanitation, plumbing, and mail service, violate Plaintiff's federal constitutional rights. *See generally* Compl. Because West Facility is operated by the New York City Department of Correction, and given Plaintiff's *pro se* status and clear intention to assert claims against the City of New York, the Court construes the complaint as asserting claims against the City of New York. *See* N.Y.C. Charter Ch. 17 § 396 (stating that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of New York and not in that of any agency")*; see also Adams v. N.Y.C. Dep't of Corr.*, No. 19 Civ. 5009, 2019 WL 2544249, at *2 (S.D.N.Y. June 20, 2019).

Accordingly, the Clerk of Court is respectfully directed to (1) add the City of New York as a Defendant under Federal Rule of Civil Procedure 21; and (2) electronically notify the New York City Department of Correction and the New York City Law Department of this order. The

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

Court requests that the City of New York waive service of summons.  This amendment is without prejudice to any defenses the City of New York may assert.

The Clerk of Court is respectfully directed to mail a copy of this order and an information package to Plaintiff *pro se*.

SO ORDERED.

Dated: May 15, 2026
New York, New York

_____
ANALISA TORRES
United States District Judge